**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES,

       Plaintiff,

    v.                                    Case No. 2:26-cr-20006-SHL

LORI SWAFFER,

       Defendant.

---

MOTION TO DISMISS

---

Lori Swaffer, through the undersigned, and pursuant to Fed. R. Crim. P. 12(b)(3)(B)(i), (ii), and (v), respectfully moves this Court to dismiss the Indictment (ECF 1, filed January 15, 2026):

**Background[1]**

The facts in a light most favorable to the Government are as follows: on Nov. 16, 2024, on a flight from Charlotte to Memphis, Mr. Knowles observed Ms. Swaffer acting erratically, and either he or another passenger notified a flight attendant. After the flight attendant left, Ms. Swaffer, slapped Mr. Knowles on the head with an open hand. *See* ECF 1.

A criminal complaint was filed in this matter on Jun. 24, 2025; and Ms. Swaffer was booked and processed Jul. 1, 2025; this matter was dismissed without prejudice and re-indicted January 15, 2026. *Id*.

---

[1] The facts contained herein are just assumed for this motion and not the Defendant's position.

**Law & Argument**

*I. FAILS TO STATE AN OFFENSE UNDER 18 U.S.C. § 113(a)(4) – ASSAULT BY STRIKING, BEATING, OR WOUNDING*

12(b)(3) requires the movant to accept every fact in the indictment as true, the conduct alleged constitutes simple assault under 18 U.S.C. § 113(a)(5), not assault by striking, beating, or wounding under § 113(a)(4).  A defendant may move to dismiss an indictment for "failure to state an offense" under Fed. R. Crim. P. 12(b)(3)(B)(v) when the allegations, even if true, do not constitute a violation of the charged statute. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) (indictment must assert facts that, if proven, establish the offense). An indictment is sufficient only if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Courts assume the truth of the indictment's allegations but do not evaluate evidence. *United States v. Landham*, 251 F.3d 1072, 1079-80 (6th Cir. 2001). Criminal statutes must be strictly construed, with ambiguities resolved in favor of the defendant under the rule of lenity. *United States v. Davis*, 588 U.S. 445, 464-65 (2019); *United States v. Emmons*, 410 U.S. 396, 411 (1973).

The canon of *noscitur a sociis* is a canon that states a word is "given more precise content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008). That "avoid[s] ascribing to one word a meaning so broad that it is inconsistent with" "the company it keeps." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995).  The canon of *noscitur a sociis* instructs that "striking" must be read in light of its neighbors "beating" and "wounding," both of which connote significant physical violence. *United States v. Williams*, 553

U.S. 285, 294 (2008); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995). *Ejusdem generis* reinforces that "striking" must be of the same harsh class as "beating" and "wounding." Ms. Swaffer's conduct, involving minimal physical contact and no significant injury, is inconsistent with (a)(4)'s intended meaning. Instead, 18 U.S.C. § 113(a)(5), which addresses simple assault, is the appropriate charge given the facts alleged. Courts have interpreted "assault" under § 113(a) as encompassing common-law battery or assault, "including '[a]ssault by striking, beating, or wounding,' '[s]imple assault,' and '[a]ssault resulting in serious bodily injury,'" *Usoyan v. Republic of Turkey*, 2025 WL 2642134, at *22 (Sept. 15, 2025 D.D.C.) (quoting 18 U.S.C. § 113(a). "And courts have interpreted the term "assault" in this context as tantamount to common-law "battery" and "assault." *Id.* The complaint alleges only that Ms. Swaffer slapped Mr. Knowles on the head with an open hand. This is textbook simple assault. That's why Congress has significant terms like "wounding" in (a)(4) and simple assault in (a)(5). S*ee United States v. Klein*, 2024 WL 3909561 (E.D. Mich. Aug. 22, 2024) (describing simple assault on an airplane by one passenger to another (simple assault may encompass the common law notion of battery and does not require the defendant to have an intent to injure)). The indictment says Ms. Swaffer slapped Mr. Knowles. It doesn't say she assaulted him by striking, beating, and wounding.

Courts have routinely found that a single slap can de minimis use of force. *Sullivan v. Hewson*, 2025 WL 2785141, at *6 (W.D. Mich. Aug. 29, 2025). A slap is not what Congress intended when it passed § 113(a)(4). Otherwise, it would have specified an understanding of slap and may have used the term "hit", "offensively touch", "contact", or any form of battery/assault. Instead, § 113(5) exists for any notion of common law battery or more de minimis versions of assault, *United States v. Chipps*, 410 F.3d 438 (2005) and § 113(4) is meant to cover more significant "beating(s)". *Id*. at 448-49.  This honorable Court should apply the Rule of Lenity in

this matter given that Congress has not defined "striking" "beating" and "wounding" and under canons of interpretation, they are of significantly more damage than a slap. *Id.*

The complaint alleges that Ms. Swaffer violated 18 U.S.C. § 113(a)(4). Ms. Swaffer's actions, if taken in congruence with the standards established in *Superior Growers Supply, Inc.*, 982 F.2d 173 (6th Cir. 1992) must be brought under 18 U.S.C. § 113(a)(5).

## II. SECTION 113(a)(4) IS VOID FOR VAGUENESS

The Fifth Amendment's Due Process Clause requires that a penal statute define the offense with sufficient definiteness that ordinary people can understand what is prohibited and in a manner that does not encourage discriminatory enforcement. *Skilling v. United States*, 561 U.S. 358, 402-03 (2010). When statutory terms are ambiguous, courts construe them according to their ordinary meaning, often using dictionary definitions. *Smith v. United States*, 508 U.S. 223, 228 (1993). The rule of lenity further mandates that ambiguous criminal statutes be interpreted in favor of the defendant. *United States v. Davis*, 588 U.S. 445, 464-65 (2019). "Vague laws contravene the first essential of due process of law that statutes must give people of common intelligence fair notice of what the law demands". *Id.* at 451 (internal citations omitted).

The distinction between "simple assault" and "assault by striking, beating, or wounding" is so unclear on these facts that ordinary people cannot know which applies, and it invites arbitrary enforcement. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (Gorsuch, J., concurring); *Kolender v. Lawson*, 461 U.S. 352 (1983). "[V]agueness focuses on the power and discretion that a vague law grants an enforcing party. Legal specificity is…a form of legal restraint. Without specificity, a prohibition…invites arbitrary…overzealous enforcement." *Tenn. Ed. Ass'c. v. Reynolds*, 732 F.Supp.3d 783, 806 (M.D. Tenn. 2024). Criminal laws require a high degree of specificity. *Id.*

If Ms. Swaffer's actions denote assault and not simple assault pursuant to 18 U.S.C. § 113(a)(5), then the statute's broad terms allow prosecutors unchecked discretion that do not clearly fit into any framework. Without clear guidance on what constitutes the difference between simple assault and assault the enforcement becomes subjective, risking ad hoc prosecution. *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972). This indeterminacy violates due process by delegating basic policy decisions to prosecutors and juries. *See Sessions v. Dimaya*, 585 U.S. 148, 182 (2018) (Gorsuch, J. concurring); s*ee also Vill. of Hoffman Estates v. Flipside*, 455 U.S. 489, 498 (1982). Here, if one accepts the Government's definition of 18 U.S.C. § 113(a)(4) and Ms. Swaffer's actions being a predicate for 18 U.S.C. § 113(a)(4), individuals could be prosecuted for many things shoved under the definition of "assault" and not "simple assault", which is outside the confines of congressional power and against their explicit grant. *Vill. of Hoffman Estates v. Flipside*, 455 U.S. 489, 498 (1982).

Criminal statutes must be strictly construed, with all ambiguities resolved in favor of the defendant. *United States v. Davis*, 588 U.S. 445, 464–65 (2019); *United States v. Emmons*, 410 U.S. 396, 411 (1973). Moreover, Congress never defined "striking", "wounding" or "beating" – such silence, in conjunction with the rule of lenity, should color this court's interpretation: if taking the government at its word on all the facts alleged, Ms. Swaffer should be prosecuted under § 113(5). *See United States v. Chipps*, 410 F.3d 438, 449 (8th Cir. 2005). Any doubt whether "striking", "beating" or "wounding" reaches the de minimis contact alleged here must be resolved in Ms. Swaffer's favor. And as such, this matter should be dismissed with prejudice for void for vagueness.

**Conclusion**

First, the government's claim under 18 U.S.C. § 113(a)(4) must be dismissed because given the facts pleaded in the indictment 18 U.S.C. § 113(a)(4) is not the applicable statute, § 113(a)(5), simple assault, is. Second, the statute is vague and overbroad, and here it has been used arbitrarily (again, § 113(a)(5) is the applicable statute if the facts in the indictment alleged are true). Finally, the rule of lenity demands this matter be dismissed. Given the forgoing, Ms. Swaffer would humbly request that this matter be dismissed *with prejudice*.

Respectfully submitted,


/s/Brian Daniel Mounce
Brian Daniel Mounce (BPR #39545)
Burch, Porter & Johnson
130 North Court Avenue
Memphis, Tennessee 38103
Telephone: (901) 524-5000
Facsimile: (901) 524-5024
bmounce@bpjlaw.com


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the Court's electronic filing system to all parties this 20th day of March, 2026.


/s/ Brian Daniel Mounce
Brian Daniel Mounce