**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cr-20006-SHL |
| | ) | |
| LORI SWAFFER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Lori Swaffer's Motion to Dismiss, filed March 20, 2026. (ECF No. 18.)  The Government responded three days later.  (ECF No. 19.)  Swaffer replied the same day.[1]  (ECF No. 20.)  For the following reasons, Swaffer's Motion is **DENIED**.

**BACKGROUND**

The indictment, handed down on January 15, 2026, charges Swaffer with violating 18 U.S.C. § 113(a)(4), a misdemeanor assault by striking, beating, or wounding.  (ECF No. 2.) According to the indictment, on a November 16, 2024 flight, Swaffer assaulted a fellow passenger, D.K., "by striking, beating[,] and wounding" when she "slapped [him] on the head with an open hand, which led to injuries to D.K."  (Id. at PageID 2.)

Swaffer seeks to dismiss the indictment with prejudice for failure to state an offense. (ECF No. 18 at PageID 30–32.)  Specifically, she argues that the indictment cannot charge her with assault by striking, beating, or wounding because the only facts alleged in the indictment

---

[1] There is no rule in this District that allows for replies to responses to motions in criminal cases.  While the Court will consider Swaffer's reply here, in the future she is cautioned to seek permission to file replies, if she wishes to do so.

are that she slapped D.K. with an open hand.  (Id. at PageID 31.)  "A slap is not what Congress intended when it passed § 113(a)(4)," according to Swaffer, and thus the indictment could only have charged her, at most, with simple assault under § 113(a)(5), a different provision.  (Id.)  In the alternative, in case the Court finds that § 113(a)(4) matches the facts described in the indictment, she argues that § 113(a)(4) is void for vagueness.  (Id. at PageID 32–33.)  She asserts that the distinction between simple assault and assault by striking, beating, or wounding "is so unclear on these facts that ordinary people cannot know which applies."  (Id. at PageID 32.)  According to Swaffer, the overlap between the two provisions "risk[s] ad hoc prosecution."  (Id.)

In response, the Government contrasts § 113(a)(4), under which Swaffer is charged, with § 113(a)(6), "assault resulting in serious bodily injury."  (ECF No. 19 at PageID 36–38.)  It argues that, unlike assault resulting in serious bodily injury, § 113(a)(4) requires "some form of contact" and "is the equivalent of simple battery."  (Id. at PageID 36–37 (first quoting United States v. Camejo, 333 F.3d 669, 674 (6th Cir. 2003); then quoting United States v. Duran, 127 F.3d 911, 915 (10th Cir. 1997)).)  It asserts that the indictment's description of a slap leading to injuries establishes that Swaffer made "some form of contact," and thus supports the charge in the indictment.  (Id. at PageID 38.)  The Government also responds that the provision is not void for vagueness because the terms "striking, beating, and wounding" have ordinary meanings. (Id.)  Although it does not contend that Swaffer "beat" D.K., it asserts that "[s]lapping a person hard enough to break their glasses and cut their skin is well within the definitions of 'strike' and 'wound.'"  (Id.)

**APPLICABLE LAW**

"An indictment must be a 'plain, concise, and definite written statement of the essential facts constituting the offense charged.'"  United States v. Palma, 58 F.4th 246, 249 (6th Cir.

2023) (quoting Fed. R. Crim. P. 7(c)(1)).  "An indictment is sufficient if it [1] contains the elements of the offense charged and [2] fairly informs a defendant of the charge against which she must defend, and [3] enables her to plead an acquittal or conviction in bar of future prosecution for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974) (citation modified).

Under the Fifth Amendment, a criminal law must apprise people of "ordinary intelligence fair notice of what is prohibited."  Hann v. Caruso, 10-CV-10797, 2012 WL 2564818, at *12 (E.D. Mich. July 2, 2012) (citing Grayned v. City of Rockford, 408 U.S. 104, 108 (1972)).  To ensure fair notice, the void-for-vagueness doctrine requires that penal statutes (1) define the criminal offense with "sufficient definiteness" such that "ordinary people can understand what conduct is prohibited" and (2) define the offense in a manner that does not encourage arbitrary and discriminatory enforcement.  Kolender v. Lawson, 461 U.S. 352, 357 (1983).  Determining vagueness is an as-applied inquiry—a defendant must show that the statute is vague as applied to her case.  Parker v. Levy, 417 U.S. 733, 756–58 (1974) (requiring a statute's level of notice to be examined in light of the surrounding context of a defendant's charge).  A statute that is merely imprecise, while still providing a "comprehensible normative standard," is not void for vagueness.  Id. at 755.  Rather, a statute must be so vague that an ordinary person must "guess at its meaning," or so standardless that it lacks a standard of conduct at all, to be found unconstitutionally vague.  Hann, 2012 WL 2564818, at *12–13.

## ANALYSIS

Here, the indictment contains sufficient facts to support the charge of assault by striking, beating, or wounding.  In the dictionary, to "strike" means "to aim and usually deliver a blow, stroke, or thrust (as with the hand . . .)."  Strike, Merriam-Webster (12th ed. 2025) (emphasis

3

added).  "Wound," in its noun form, means "an injury to the body (as from violence, accident, or surgery) that typically involves laceration or breaking of a membrane (such as the skin) . . . ." Wound, Merriam-Webster (12th ed. 2025) (emphasis added).  "Bodily injury," in turn, is defined elsewhere in this title as "a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary."  18 U.S.C. § 1365(h)(4).  Because the indictment charges that Swaffer "slapped D.K. on the head with an open hand, which led to injuries to D.K." (ECF No. 2 at PageID 2), it places a person of ordinary intelligence on notice that she violated § 113(a)(4), either by striking or by wounding.  Further, because these terms have common meanings, the statute is not void for vagueness, either.

It is worth noting that nowhere in Swaffer's Motion or her reply does she acknowledge the second half of the allegations in the brief indictment—that her slap on D.K.'s head "led to injuries to D.K."  (ECF No. 2 at PageID 2.)  Rather, she avers that "[t]he complaint [sic] alleges only that Ms. Swaffer slapped Mr. Knowles on the head with an open hand," which she characterizes as "textbook simple assault."  (ECF No. 18 at PageID 31.)  After the Government added in its response that the assault "left a cut and bruise near D.K.'s temple" and resulted in "neurological damage, vision problems, and psychological problems" (ECF No. 19 at PageID 36), Swaffer replied that this "new determination of the facts" was not included in the indictment (ECF No. 20 at PageID 40).

But, in fact, the indictment includes more than she indicates.  By describing physical contact between Swaffer and D.K. that caused injuries of some type, the indictment sufficiently charges Swaffer with more than simple assault.  Thus, the indictment does not fail to state an offense under § 113(a)(4) and is not void for vagueness.

4

## **CONCLUSION**

For the reasons stated above, the Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED,** this 24th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE